UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BEY,

    Plaintiff,                                            Case No. 09-10872
                                                       HONORABLE SEAN F. COX

v.

MORTGAGE ELECTRONIC
REGISTRATION, et al.,

    Defendants.
_____/

OPINION & ORDER

Plaintiff Christopher Bey ("Bey"), appearing *pro se*, filed a "Complaint and Demand for Declaratory Judgment" [Doc. No. 1] on March 9, 2009. The matter is before the Court on Bey's "Motion for Ex Parte Temporary Restraining Order or in the alternative Preliminary Injunction" [Doc. No. 3], wherein Bey seeks an order by this Court staying the eviction proceedings against him in the 37th District Court of Michigan. The Court declines to hold oral argument on the motion pursuant to Local Rule 7.1(e)(2). For the reasons below, the Court **DENIES** Bey's motion.

BACKGROUND

In his Complaint, [Doc. No. 1], Bey alleges that he is the owner of real property located at 8323 Karam Boulevard in Warren, Michigan ("the Real Property"). Bey further alleges that, in purchasing the Real Property, he signed a mortgage and promissory note with a Defendant known as Mortgage Electronic Registration ("MER") on March 9, 2006. [Doc. No. 1, Ex. A, ¶8]. Bey admits that the mortgage and note gave MER full power to assign its rights to third parties. *Id.* at ¶5.

In an affidavit dated February 8, 2008, Bey alleges that he signed and mailed a "Notice of Conditional Rescission of Mortgage" to MER on January 8, 2008. [Doc. No. 1, Ex. A, ¶4]. Bey also claims to have "signed and delivered [a] Notice of Rescission of Mortgage" on February 11, 2008. *Id*. at ¶7. Bey did not attach either of these documents to his Complaint, not does he attach any proof, apart from his affidavit, that these documents were received by MER, or that MER accepted these terms. Instead, Bey relies upon his assertion that "[t]here is no evidence that [Bey] has not rescinded said Mortgage. . . ." *Id*. at ¶8.

Bey further alleges that MER, along with entities known as Countrywide Home Loans and Bank of New York, (collectively, "the Creditors") instituted foreclosure proceedings on the Real Property in the 37th District Court of Michigan. [Doc. No. 1, ¶20]. Bey alleges that these state law proceedings, coupled with the Creditors' failure to send him disclosures required by Regulation Z, 8 C.F.R. § 226, create causes of action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.

On March 11, 2009, the 37th District Court adjourned proceedings until March 25, 2009, to allow Bey to file this current motion in federal court. On March 18, 2009, Bey filed the instant motion, alleging that the Creditors had instituted eviction proceedings against him in the 37th District Court of Michigan. [Doc. No. 3, ¶1]. Bey seeks an order from this Court staying "all proceedings that would result in the removal of [Bey] from [the Real Property] until the complaint can be adjudicated on its merits." *Id*. at 3.

This Court took no action on the instant motion before the March 25, 2009 court date for the pending state court matter. On March 25, 2009, the 37th District Court, in their Case No. 09-4725LT, entered a possession judgment in favor of the Creditors, and gave Bey until May 11,

2009 to vacate the premises.

## ANALYSIS

Taking into account the facts of the instant case, the Court **DENIES** Bey's request for a temporary restraining order.  Under FED. R. CIV. P. 65(b)(1)(A), Bey is required to show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  As the 37th District Court of Michigan has already entered a judgment of possession for the Defendants with respect to the Real Property, Bey cannot show an irreparable loss which is imminent and requires immediate action by this Court.

The Sixth Circuit has laid out a four-factor test for evaluating requests for preliminary injunction: (1) the likelihood of the movant's success on the merits; (2) whether the injunction will save movant from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be harmed or served by the injunction.  *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).  The decision whether to grant a motion for preliminary injunction is within the sound discretion of the Court.  *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

In the instant case, Bey has not shown a likelihood of success on the merits under the first prong of *In re Delorean*.  Indeed, Bey simply has proffered unsupported assertions that his mortgage was unilaterally rescinded.  The Court issued an Order to Show Cause on March 19, 2009, requiring Bey to provide supporting documentation ". . . evidenc[ing] that an agreement existed between himself and the Creditors to rescind the mortgage on the Real Property." [Doc. No. 4, p.3].

The Court further cautioned Bey that "[w]ithout such evidence, this Court will not

entertain Bey's Motion. . . before eviction proceedings are scheduled in the 37th District Court of Michigan." *Id.* In response to the Court's Show Cause Order, Bey simply provided copies of the letters he claims to have sent to the Creditors. [*See* Doc. No. 5, Exs. A, B]. Such documentation does not support Bey's claim that the Creditors acquiesced in Bey's unilateral attempts to rescind the mortgage on the Real Property. Because of this lack of supporting documentation, the Court did not act on Bey's motion before the March 25, 2009 court date in the 37th District Court of Michigan. Likewise, the absence of such documentation is fatal to Bey's motion for preliminary injunction, as Bey has not proffered any evidence indicating a likelihood he will prevail on the merits of his claim. *See In re Delorean,* 755 F.2d at 1228.

## CONCLUSION

For the reasons above, the Court **DENIES** Bey's motion for a temporary restraining order or, in the alternative, for a preliminary injunction [Doc. No. 3].

**IT IS SO ORDERED**.

S/ Sean F. Cox
Sean F. Cox
United States District Judge

Date:  April 16, 2009

I hereby certify that on April 16, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Christopher Bey
8232 Karam Blvd
Warren, MI 48093

S/ J. Hernandez
Case Manager
