UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BEY,

      Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., et al.,

      Defendant.
_____/

Case No. 09-10872

HON. SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS [Doc. No. 14]

Plaintiff Christopher Bey ("Bey"), proceeding *pro se*, brings this cause of action related to the foreclosure of his home by Defendants Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic), Bank of New York, and Countrywide Home Loans, Inc. (collectively, "the Defendants"). The matter is currently before the Court on the Defendants' Motion to Dismiss [Doc. No. 14]. The Defendants have fully briefed the issues, and a hearing was held on August 13, 2009. Bey did not file a brief in opposition to the Defendants' Motion, did not respond to the Court's July 1, 2009 Order to Show Cause [Doc. No. 17] why the unopposed motion to dismiss should not be granted, and did not appear at the August 13, 2009 hearing. For the reasons below, the Court **GRANTS** the Defendants' Motion to Dismiss [Doc. No. 14].

BACKGROUND

In his Complaint [Doc. No. 1], Bey alleges that he is the owner of real property located at 8323 Karam Blvd., Warren, Michigan, 48903 ("the Real Property"). Bey further alleges that, in

purchasing the Real Property, he signed a mortgage and promissory note with Mortgage Electronic on March 9, 2006. [Doc. No. 1, Ex. A, ¶8]. Bey admits that the mortgage and note gave Mortgage Electronic full power to assign its rights to third parties. [*Id*. at ¶5]. Mortgage Electronic later assigned the mortgage to Defendant Bank of New York, upon which Bey later defaulted. Bank of New York subsequently foreclosed on the mortgage, and was the successful bidder at auction.

In an affidavit dated February 8, 2008, Bey alleges that he signed and mailed a "Notice of Conditional Recession of Mortgage" to Mortgage Electronic on January 8, 2008. [Doc. No. 1, Ex. A, ¶4]. Bey also claims to have "signed and had delivered [a] Notice of Recession of Mortgage" on February 11, 2008. *Id*. at ¶7. Bey does not attach either of these documents to his Complaint, nor does he attach any proof, apart from his affidavit, that these documents were sent and received by Mortgage Electronic. Instead, Bey relies upon his assertion that "[t]here is no evidence that [Bey] has not rescinded said Mortgage. . . ." *Id*. at ¶8.

The Defendants instituted foreclosure proceedings on the Real Property in the 37th District Court of Michigan. [Doc. No. 1 ¶20]. Bey alleges that these foreclosure proceedings, coupled with the Defendants' failure to send him disclosures required by Regulation Z, 8 C.F.R. § 226, create causes of action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. Bey also alleges violations of Michigan law related to the Defendants' foreclosure by advertisement on the Real Property, in violation of M.C.L. §§ 600.3201 and 600.3204.

On March 18, 2009, Bey filed a "Motion for Emergency Ex Parte Temporary Restraining Order or in the Alternative Preliminary Injunction." [Doc. No. 3], seeking to stay proceedings in

the 37th District Court of Michigan until this Court could consider his claims in the instant lawsuit. [Doc. No. 3, ¶1]. The Court denied Bey's Motion [*See* Doc. No. 11] on April 16, 2009, and allowed state foreclosure proceedings to continue.

## STANDARD OF REVIEW

The Defendants bring the instant motion pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is only proper if it, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955, 1970 (2007).

## ANALYSIS

Bey brings this action against the Defendants for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*., and Michigan state law. As Bey has failed to state any claims upon which he has a "reasonably founded hope" of success under *Twombley*, the Court **GRANTS** the Defendants' Motion to Dismiss [Doc. No. 14].

I. <u>Bey has Failed to State a Plausible Claim for Violations of the Truth In Lending Act</u>.

Bey's Complaint alleges that the Defendants violated his rights under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), by not providing Bey with required notifications, and by instituting foreclosure proceedings despite Bey's purported rescission of his mortgage. The Court **GRANTS** the Defendants' Motion to Dismiss [Doc. No. 14] regarding Bey's TILA claims for two reasons: 1) Bey has no statutory right to rescind his mortgage; and 2)

3

the statute of limitations bars Bey's claims regarding Regulation Z paperwork allegedly not received.

A. <u>Bey Did Not Have the Right to Unilaterally Rescind His Mortgage</u>.

Bey's Complaint alleges that "Plaintiff has properly removed all security interest granted to Defendants by rescinding the Mortgage instrument." [Doc. No. 1, ¶14]. Exhibit A to Bey's Complaint, a document titled "Affidavit of Revocation of Mortgage," states that Bey mailed a "Notice of Conditional Rescission of Mortgage" to Mortgage Electronic on January 8, 2008, and that this document effectively cancelled any interest the Defendants have in the Real Property. [*See* Ex. A, Doc. No. 1, ¶4].

While 15 U.S.C. § 1635 allows consumers to rescind certain credit transactions, residential mortgages are exempt from this right:

> (e) Exempted transactions; reapplication of provisions
>
> > This section does not apply to - -
> > (1) a residential mortgage transaction as defined in section 1602(w) of this title. . . .

15 U.S.C. § 1635(e)(1). Section 1602(w) defines a "residential mortgage transaction" as:

> . . . *a transaction in which a mortgage*, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest *is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling*.

15 U.S.C. 1602(w) (emphasis added). Here, Bey admits in both his Complaint and supporting documentation that he consented to the mortgage on the Real Property in exchange for a loan used to purchase that property for use as his primary residence. [*See* Complaint, ¶¶4-5, 15; Exs. A-C]. Because of this, Bey did not have the right to rescind the mortgage on the Real Property pursuant to TILA. Inductively, therefore, the Defendants' foreclosure on the Real Property

pursuant to Bey's defaulted mortgage was not a TILA violation, as Bey did not have the right to revoke the mortgage in the first place.

### B. Bey's Regulation Z Claims Are Barred by the Statute of Limitations.

Bey also alleges that the Defendants failed to provide him with notifications as required by Regulation Z under TILA. [*See* Complaint, Doc. No. 1, ¶9]. Even assuming *arguendo* that Bey's allegations are true, the statute of limitations on this claim has long since expired

TILA requires "[a]ny action under this section" to be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case, Bey's mortgage with Mortgage Electronic was entered into on March 9, 2006 - three years before Bey filed this action. Bey's cause of action for Regulation Z notifications not being tendered to him became ripe on that day, and TILA's one-year statute of limitations expired on March 9, 2007. Therefore, Bey's Regulation Z cause of action is barred by TILA's one-year statute of limitations.

### II. Bey has Failed to State a Plausible Claim for Violations of the Real Estate Settlement Procedures Act.

Bey's Complaint states that "[t]here is no evidence that Plaintiff was provided with material disclosures as required by TILA or RESPA." [Pl.'s Complaint, Doc. No. 1, ¶10]. The only other portion of Bey's Complaint alleging a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, is in Bey's allegation that the Defendants "knowingly and willingly proceeded with a foreclosure in violation of TILA and RESPA." [Pl.'s Complaint, ¶21].

With respect to the second of these claims, regarding an alleged wrongful foreclosure, Bey has failed to state a claim upon which relief may be granted. Congress enacted RESPA in

1974, and was concerned with:

> the need to insure that consumers through the Nation are provided with *greater and more timely information on the nature and costs of the settlement process* and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a) (emphasis added). No provisions in RESPA, or in the regulations promulgated under RESPA by the U.S. Department of Housing and Urban Development, touch upon actions for wrongful foreclosure. Bey has thus failed to state a claim upon which relief may be granted regarding the Defendants' alleged wrongful foreclosure.

With respect to Bey's allegations regarding "material disclosures" required by RESPA, Bey has not alleged sufficient information to make out a plausible claim for a RESPA violation by the Defendants. Specifically, Bey has not alleged what notifications were not provided to him. On these facts, Bey has not alleged a claim upon which relief may be granted, and dismissal of Bey's RESPA cause of action is proper.

III. <u>Bey has Failed to State a Plausible Claim for Violations of Michigan State Law</u>.

Finally, Bey's Complaint alleges that "Defendant's [*sic*] have commenced on foreclosure by advertising in violation of MCL 600.3201 and MCL 600.3204(1)(c)(3)." [Pl.'s Complaint, Doc. No. 1, ¶13]. The Court finds both of these allegations to be without merit.

As the undisputed facts of the instant case demonstrate compliance with M.C.L. § 600.3201, Bey's claim for a violation of that provision is subject to dismissal. That provision states, in pertinent part:

> Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner signified in this chapter.

M.C.L. § 600.3201. In the instant case, Bey's mortgage *did* contain a power of sale clause, and

Bey's mortgage *was* in default.  Therefore, Bey has not, and cannot, set forth a plausible claim for relief under M.C.L. § 600.3201.

Similarly, Bey cannot demonstrate a plausible claim for relief under M.C.L. § 600.3204(1)(c).[1]  That statutory provision states that a party may foreclosure upon a mortgage by advertisement if, among other requirements, "[t]he mortgage containing the power of sale has been properly recorded."  M.C.L. § 600.3204(1)(c).  In the instant case, however, the mortgage on the Real Property *was* properly recorded in the Macomb County Office of the Register of Deeds. [*See* Def.'s Ex. C, Doc. No. 15].  For these reasons, Bey's allegations of state law causes of action against the Defendants fail as a matter of law.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' Motion to Dismiss [Doc. No. 14].

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  August 14, 2009

---

[1] The Court notes that Bey's Complaint alleges a violation of "MCL 600.3204(1)(c)(3)," a statutory section which does not exist.  As Bey is proceeding *pro se*, the Court will assume for purposes of this Motion that Bey intended to allege a violation of section 600.3204(1)(c) in its entirety.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BEY,

        Case No. 09-10872

    Plaintiff,
v.

        HON. SEAN F. COX
        United States District Judge

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., et al.,

    Defendant.
_____/

## PROOF OF SERVICE

I hereby certify that on August 14, 2009, a copy of the foregoing document was served upon counsel of record, via electronic means and upon Christopher Bey, via First Class Mail at the address below:

Christopher Bey
8232 Karam Blvd
Warren, MI 48093

        s/J. Hernandez
        Case Manager